Seeley and others *v.* Crane.

---

### SAMUEL SEELEY AND OTHERS v. I. W. CRANE.

The following statement of demand is insufficient. "The plaintiff demands of the defendant the sum of thirty dollars, with legal interest for the same, from November the twenty-seventh, eighteen hundred and twenty-seven, being nine dollars and ninety-cents, making thirty-nine dollars and ninety cents, being the balance of counsel fee of thirty-two dollars, on which two dollars was paid, for services, arguing cause in the case of John Den ex. dem. Samuel Seeley, and William Bevan, against William Lore and Gardner Ladore, in Cumberland Circuit, Nov. Term, 1827."

Counsel fees, *eo nomine*, cannot be recovered in an action of *assumpsit.*

---

This was a *certiorari,* directed to the Common Pleas of the county of Cumberland.

*Field,* for plaintiffs, in *certiorari.*

*Wall,* for defendant.

The opinion of the court was delivered by

HORNBLOWER, C. J. The state of demand filed before the Justice, by Crane, the plaintiff below, is as follows—" The plaintiff demands of defendants, the sum of 30 dollars, with legal interest for the same, from November 27th, 1827, being $9 90, making $39 90, being the balance of counsel fee of $32 00, on which $2 00 was paid, for services arguing cause in the case of John Den ex dem. Samuel Seeley and

William Bevan, against William Lore and Gardner Ladore, in Cumberland Circuit, Nov. Term, 1827."

Several objections were taken on the argument, by the plaintiffs in *certiorari*, of a formal and technical character, the most important of which was founded on the insufficiency of the state of demand. It is certainly drawn in a very loose and indefinite manner. There is no averment that the plaintiff was a counsellor at law, nor does it appear, except as mere matter of inference, for whom, or at whose request, he acted as counsel. No agreement, express or implied, is stated, either as to the nature and extent of the services rendered, or of the compensation to be paid. A " counsel fee of $32 " is spoken of; but no such item is known in the law, or fixed by any statute ; nor is it stated as a sum or fee agreed upon, between the parties, for that particular service. If any such fee can be recovered, it must be upon a contract or promise express or implied, and the state of demand ought to shew either the express agreement of the parties, or that the services were rendered at the request of the defendants. I think the judgment must be reversed, for the want of a sufficient state of demand. *Shaver* v. *Norris*, 2 *Penn. R.* 912. But the material question is, whether counsellors of this court, can maintain actions at law, for counsel fees, as such.

It is hardly necessary to say, that in England, no such action can be maintained. Professing to follow the example of the Roman Orators, English Barristers and Serjeants did not demand compensation, as a matter of right. When they accepted a fee, they did not receive it as an equivalent for services rendered, but as a gratuity, or an honorary gift. 3 *Bl. Com.* 27. In a very late case, *Moore* v. *Row*, *Cha. Rep.* a demurrer was sustained to a bill filed against a solicitor, for counsel fees, and the bill dismissed. In England, as late as 1791, it was held that the fees of a physician were also honorary, and not demandable of right. *Chorley* v. *Bolcot*, 4 *T. R.* 317. In that case, Lord Kenyon said, " it is much more for the credit and rank of that honorable body, and perhaps for their benefit too, that they should be so."

Actions for counsel fees, I believe, in some instances, have

Seeley and others *v.* Crane.

been brought and maintained in our inferior courts; but the question has never come directly before this court, so far as I can learn; and it is well perhaps to settle it, now that it is fairly presented to us. I have reflected a good deal on the subject, to see whether there is any thing in the nature of our judicial institutions, or in our modes of conducting suits, that would justify us, either upon the ground of law or expediency, in departing from the ancient rule—but after all, I am inclined to think, as Lord Kenyon did in regard to physicians, that it would neither be for the honor nor profit of the bar, to be going to law, for the recovery of their fees. Such a practice would have a tendency to render the members of the bar odious, and be derogatory to the character of a liberal and learned profession.

The case of *Brackenridge* v. *McFarlan, Addison's R.* 49, was cited at the bar, in support of this action. But it is not very manifest, whether the judgment of the court in that case, was founded on the particular laws of that state, or on general principles—at any rate, the reasons assigned by the court, do not obviate the objections I have stated. I do not mean by any thing I have said, to be understood as deciding, that a recovery may not be had upon a special contract, whereby a suitor should stipulate to pay his counsel a certain sum of money, for his services as such—or that a note or other security may not be taken and enforced, for counsel fees. When cases of that kind arise, they may be decided without much difficulty; but I am of opinion, that counsel fees cannot be recovered, *eo nomine*, in an action of *assumpsit*. On both grounds therefore, the judgment in this case must be *reversed*.

FORD, J. and RYERSON, J. concurred.

*Judgment reversed*

CITED in *Van Atta* v. *McKinney's Exrs.*, 1 *Harr.* 236.